**NOEL LOFTUS, Plaintiff**

v.

**MICHAEL R. RESEVIC and PAN AM DISTRIBUTORS, INC., Defendants**

Civil No. 79/160

District Court of the Virgin Islands

Div. of St. Croix

November 12, 1980

SILVERLIGHT, *Judge Sitting By Designation*

MEMORANDUM OPINION WITH ORDER ATTACHED

Various discovery related motions are before the court. Discounting the verbiage and accusations which unfortunately accompany these motions, the situation is as follows:

(1) On September 24, 1980, defense filed notice of the deposition of Bob Schlicht, to be held at 9:00 a.m. on September 30th, 1980. Mr. Schlicht works for the accounting firm of Andreas Esberg & Company, which firm was retained as an expert by plaintiff.

(2) On September 26, 1980, plaintiff moved for a protective order enjoining the deposition of Mr. Schlicht until defendant obtained an order for the deposition, pursuant to Rule 26(b)(4)(A)(ii) (Fed. R. Civ. P.). This motion was supported by an affidavit by Mr. Schlicht describing himself as an expert retained for testimony at trial. Plaintiff thus sought the protection offered by the rules for experts retained for testimony at trial.

(3) Also on September 26, 1980, Magistrate Holmes entered an order to the effect that Mr. Schlicht should be made available for deposition during the week of October 27, 1980; presumably this order was pursuant to Rule 26(b)(4)(A)(ii).

(4) On September 30, 1980, defendant filed a notice rescheduling Mr. Schlicht's deposition for October 27, 1980.

(5) On October 10, 1980, plaintiff filed a notice of the deposition of defendant Resevic, scheduled for November 5, 1980, at 10:00 a.m.

(6) On October 27, 1980, defendant filed a notice rescheduling Mr. Schlicht's deposition to November 5, 1980, at 1:30 p.m.

(7) On October 29, 1980, plaintiff wrote defendant and sought defendant's voluntary withdrawal of the notice of Mr. Schlicht's deposition. Plaintiff referred defendant to Rule 26(b)(4)(B) (Fed. R. Civ. P.) which controls the discovery of experts who are not retained to testify at trial. In effect, plaintiff changed Mr. Schlicht's status from that of a testifying expert to that of a nontestifying expert and sought the greater protection afforded nontestifying expert by the rules. Plaintiff also stated that there would be no need to subpoena one Mr. Bronstein for deposition, but that plaintiff would seek defendant's payment of Mr. Bronstein's fee. Mr. Bronstein is also an employee of the accounting firm of Andreas Esberg & Co.

(8) On October 31, 1980, defendant wrote plaintiff informing him that Mr. Resevic had just returned from Europe and would be unable to attend the deposition scheduled for November 5, 1980. Defendant suggested rescheduling the deposition for November 18, 1980. Further, defendant rejected Mr. Schlicht's new status as a nontestifying expert and insisted on going ahead with the deposition authorized by Magistrate Holmes.

(9) On November 3, 1980, defendant filed a motion for a protective order relative to Mr. Resevic for the reasons stated in No. 8 above.

(10) On November 4, 1980, plaintiff filed a motion for: a protective order barring deposition of Mr. Schlicht (pursuant to Rule 26(b)(4)(B)'s protection of nontestifying experts); a protective order barring deposition of Mr. Bronstein until a court order for such deposition issued (pursuant to Rule 26(b)(4)(A)(ii)'s protection of testifying experts); and for sanctions prohibiting deposition of plaintiff's expert until defendant was deposed (sanctions were premised on Mr. Resevic's prospective failure to attend deposition).

(11) Also on November 4, 1980, defendant filed a motion opposing plaintiff's motion of that date. Defendant asserted that plaintiff was attempting to circumvent the Magistrate's order of September 26, 1980, by changing Mr. Schlicht's designation from "testifying" to "nontestifying" expert. Defendant also complained that the protection sought for Mr. Bronstein was contrary to the voluntary submission to deposition stated in plaintiff's letter of October 29, 1980.

(12) Finally, on November 4, 1980, plaintiff replied to defendant's response, stating that although he had thought Mr. Schlicht would be the testifying expert from the Andreas Esberg firm, he had since been informed that Mr. Bronstein would be the testifying expert. This was supported by an affidavit from Mr. Bronstein. No reasons were stated for the decision to change testifying experts. Plaintiff also asserts that defendant's failure to voluntarily withdraw the notice of deposition of Mr. Schlicht (as requested in plaintiff's letter of October 29th) negated the offer to voluntarily submit Mr. Bronstein to deposition (as stated in plaintiff's letter of October 29th).

At the outset, the court notes that this case presents a classic example of how the Federal Rules of Civil Procedure can be distorted by noncooperation. No rules can encompass all conceivable situations. All rules rely on some degree of cooperation in order for them to operate. As the required cooperation is plainly not present in this case, we will be forced to look behind the rules to their policies in order to settle the above related tangle.

The discovery of experts has long been a subject of dispute. In 1970 the Supreme Court adopted the present Rule 26(b)(4). This rule permits discovery of expert witnesses, but the discovery is not unlimited. The new rule was a compromise between past decisions that barred any discovery of experts and a trend to remove all limits on discovery of experts.

 Rule 26(b)(4)(A)(i) permits the routine discovery of the names of experts expected to be called at trial. This routine discovery is to

be done by interrogatories. A party has a duty seasonably to supplement his response to interrogatories, if new expert witnesses are chosen. Rule 26(e)(1)(B). Further discovery of testifying experts is permitted, upon court order, by Rule 26(b)(4)(A)(ii). The purpose for this availability of testifying experts is to give the opponent adequate time to hear the facts and opinions the experts intend to put in evidence in order that the opponent might prepare cross-examination and rebuttal of the expert. See Advisory Committee Note 48 FRD at 503–504.

■ Rule 26(b)(4)(B) limits the discovery of experts not retained as witnesses to "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Wright and Miller conclude that this rule "contemplates that in most cases discovery will not be permitted of information held by specially retained experts who will not be called at trial." 8 Wright & Miller, Federal Practice and Procedure § 2032. This conclusion is supported by the Advisory Committee notes which indicate that the limited discovery of non-trial experts was enacted out of the "fear that one side will benefit unduly from the others preparation" unless such limits were in place. Advisory Committee Notes 48 FRD 504.

■ It is clear that Rule 26(b) was intended to permit the discovery of experts only to the extent that it is necessary to prepare cross-examination or rebuttal of testifying experts, with rare exception made for the situation wherein a nontestifying expert had information unavailable elsewhere. It is equally clear that the defendant in the matter sub judice cannot be prejudiced in his trial preparation by the replacement of one expert witness with another. So long as the expert to be called is available for deposition, the purposes of the rule are served.

■ Rule 26(b)(4)(A)(i) and Rule 26(e)(1)(B) contemplate a formal process, via interrogatories, by which the identities of the experts to be called are established, supplemented and, presumably, modified. Again, the purpose is to guarantee that the opposing party has notice of the experts to be called in order to provide opportunity to prepare cross-examination and rebuttal. No interrogatories are on file in the case sub judice, thus the rules' contemplated method of keeping the parties abreast of each other's intentions as to experts is also absent. Plaintiff informed defendant of his current expert witness' intentions via the letter dated October 29th. Although this

procedure of notification leaves much to be desired, the defendant failed to initiate the interrogatory procedure and, thus, cannot be heard to complain of the informal notification procedure herein employed.

In sum, the plaintiff has substituted Mr. Bronstein for Mr. Schlicht, the expected expert witness and has notified the defendant of this change. This substitution with notification is in compliance with the policies embodied in Rule 26. We will treat the matter as if Mr. Bronstein had always been identified as the expected expert witness; thus, we shall treat the Magistrate's order of September 26th as a Rule 26(b)(4)(A)(ii) order for further discovery of Mr. Bronstein.

■ We are left with two depositions scheduled for November 5, 1980: that of Mr. Bronstein and that of Mr. Resevic. Defendant has given adequate reason for Mr. Resevic's inability to attend on November 5, 1980 and has suggested November 18, 1980, as a suitable alternative date. We see no reason why the depositions should not proceed on November 18, 1980, in the sequence contemplated by the parties for the November 5th depositions.

■ There remain the question of a protective order for Mr. Schlicht in his new status as a nontestifying expert and the question of costs and expert's fees. As defendant has not shown the specific exceptional circumstances required by Rule 26(b)(4)(B), the protective order will issue. As both parties have gone to great efforts due to their mutual inability to amicably settle these matters, it is inappropriate to award either party costs or expert fees. Such costs or fees will abide the outcome of the case.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that Mr. Michael B. Resevic be available for deposition on November 18, 1980, at 10:00 a.m. in Christiansted, St. Croix, U.S. Virgin Islands, at a location to be determined by the parties;

IT IS FURTHER ORDERED that Mr. Alan Bronstein be available for deposition on November 18, 1980, at 1:30 p.m. in Christiansted, St. Croix, U.S. Virgin Islands, at a location to be determined by the parties;

IT IS FURTHER ORDERED that a protective order be, and hereby is issued, prohibiting the deposition of Mr. Robert Schlicht

at any time in this case, so long as Mr. Robert Schlicht remains designated as a retained expert not expected to be called at trial;

IT IS FURTHER ORDERED that all motions for expert witness deposition fees and attorney costs are DENIED, such fees and costs to abide the outcome of the case.